## RORICK et al. v. BOARD OF COMMISSIONERS OF EVERGLADES DRAINAGE DIST. et al.

District Court, N. D. Florida, Pensacola Division.

Aug. 4, 1938.

William Roberts, of New York City, and Watson & Pasco & Brown, of Pensacola, Fla., for plaintiffs.

Fred H. Kent, of Jacksonville, Fla., for defendant Board of Com'rs of Everglades Drainage Dist.

George Cooper Gibbs, Atty. Gen., and Marvin C. McIntosh, W. P. Allen, and H. E. Carter, Asst. Attys. Gen., for defendants trustees of the Internal Improvement Fund.

Before FOSTER, Circuit Judge, and STRUM and LONG, District Judges.

PER CURIAM.

This is the second appearance of this cause before a three judge statutory court. The cause was presented first to Honorable Nathan P. Bryan, United States Circuit Judge, and District Judges Sheppard and Strum. An application was made for interlocutory injunction which was granted by the three judge court upon the giving of bond. The plaintiffs having failed to give the bond no interlocutory injunction was issued. The opinion in the case was written by Judge Strum, D.C., 57 F.2d 1048. The opinion was concurred in by United States District Judge Sheppard, United States Circuit Judge Bryan dissenting in part.

It appears that all of the questions presented at this time were passed on in the former hearing, and particularly those questions reaching to the constitutionality of acts of the Legislature of Florida enacted subsequent to the issuance and purchase of the bonds, the court holding that obligation of contract is impaired when its value is diminished by subsequent legislation; that legislation providing for the issuance of the bonds, for the creation of sinking fund for the retirement of bonds, for the payment of interest, became and were part of the bond contract; that statutes fixing new drainage district acreage taxes and creating administration funds

from the proceeds were inoperative against holders of outstanding district bonds so far as such diversion reduced tax proceeds available for payment of bond interest and principal. In fact, the court held in substance that all subsequent legislation that impaired the bond contract was unconstitutional and void. This opinion, so far as the federal statutory court was concerned, settled the main question now presented to this court, that the trustees of the Internal Improvement Fund were not by subsequent legislation relieved of their obligation to pay subsequent special drainage taxes on lands in Everglades Drainage District bid off for said trustees for nonpayment of district drainage taxes.

The opinion in this case was written April 13th, 1932. Subsequent to that date supplemental bills have been filed complaining of the several acts of the Legislature undertaking to effect the bond issues and the manner provided for their payment, and the case is now before this court upon an application to reinstate the former interlocutory order and for the granting of an interlocutory injunction at this time, and upon motions of defendants to dismiss the bill and supplemental bills.

[1] The same questions presented here have been passed on by the Supreme Court of the state of Florida, particularly the question of whether or not the Internal Improvement Fund trustees should pay for tax certificates issued on privately owned land within Everglades Drainage District when such lands are bid off to trustees.

Circuit Judge Bryan dissenting in part from the majority opinion, 57 F.2d 1048, quoted by Supreme Court of Florida, State ex rel. Board of Commissioners of Everglades Drainage District v. Sholtz, 112 Fla. 756, 150 So. 878, 880, "When land in the drainage district has been bid off for the trustees for the nonpayment of drainage taxes, the title vests in the trustees, but they hold it subject to the owner's right of redemption which continues until the land is sold. The sale must be for at least as much as accrued taxes, and, in the event of such a sale, but not otherwise, the trustees are required to pay the delinquent drainage taxes. If they were purchasers in their own right, their obligation to pay would naturally arise as of the date of the tax sale, and would not be conditioned on a future sale. The provision of section 1, c. 9119, Laws of 1923,

subjecting land within the drainage district held by the trustees to drainage taxes, refers to land owned by the trustees in their own right, and not to land held in trust under tax certificates. If it had been the intention of the Legislature to bind the trustees as purchasers of land upon which drainage taxes had not been paid, there should and doubtless would have been a plain and unequivocal provision to that effect. It is not to be inferred that the Legislature intended to impose a burden as great as is here contended for merely because it adopted existing provisions of law applicable to the holding and disposition of lands by the state upon default in the payment of ordinary taxes."

The Supreme Court of Florida, in passing upon this particular question, was unable to agree with the majority opinion in this case of Rorick v. Board of Commissioners of Everglades Drainage District, 57 F.2d 1048, but adopted the dissenting opinion of United States Circuit Judge Bryan, holding that Internal Improvement Fund trustees need not pay taxes on privately owned land within Everglades Drainage District when such lands are bid off to trustees, until lands have been sold or redeemed, but trustees hold certificated land and certificates in trust for commissioners of drainage district.

From an examination of the cases of Martin v. Dade Muck Land Company, 95 Fla. 530, 116 So. 449; State ex rel. Sherrill v. Milam et al., 113 Fla. 491, 153 So. 100, 125, 136; State ex rel. Board of Commissioners of Everglades Drainage District v. Sholtz, 112 Fla. 756, 150 So. 878; Everglades Drainage District et al. v. Florida Ranch & Dairy Corporation, 5 Cir., 74 F.2d 914, it appears that the Supreme Court of Florida has passed upon the questions presented to this court adverse to plaintiff, and notwithstanding the decision in the Rorick Case, Rorick v. Board of Com'rs, 57 F.2d 1048, this court is bound by the construction placed upon these statutes by the highest court of the state. Erie Railroad Company v. Harry J. Tompkins, 58 S.Ct. 817, 82 L.Ed. 1188.

The motion to reinstate the former interlocutory order is denied.

The motion for interlocutory injunction now sought is denied, and the bill and supplemental bills dismissed.